# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STRINGFELLOW, | Case No. 1:15-cv-01815 DLB |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO AMEND HIS COMPLAINT OR NOTIFY THE COURT OF WILLINGNESS TO PROCEED ONLY ON THE COGNIZALBE CLAIMS |
| v. | |
| BITER, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Robert Stringfellow ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 4, 2015. He names over twenty Defendants.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 18, 2016.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at the California Health Care Facility. The events at issue occurred while he was incarcerated at Kern Valley State Prison.

Plaintiff alleges that on September 17, 2015, he was told that he was moving to another cell. He went to the rotunda to talk to Correctional Officers. Defendant Custer and the "rest of the floor and S+F" were sitting in the office. Plaintiff told Defendant Garza that he would not move into the cell, and that he was tired of cellmates. Plaintiff said that if he could not be housed in a single cell, he wanted to be placed in Ad-Seg. Plaintiff sat down by holding cage 5.

Defendant Sanchez told him to get into the holding cage. As Plaintiff stepped into the holding cage, Defendant Sanchez grabbed him by the back of his head and started slamming his head and face into the back of the cage. About thirty seconds later, Defendant Sanchez turned Plaintiff around, saying "he's turning around," then Defendants Sanchez, Copeland and Ormone tried to grab him and pull him out of the holding cage. Defendants Copeland and Ormone did not have a firm grip on his right arm, and when they pulled him, they slipped and fell to the ground.

Defendants Sanchez and Custer pulled him out of the cage and slammed him down on the concrete floor. Plaintiff was then placed into a subdued hold by Defendants Custer and Sanchez for three to five minutes. Plaintiff screamed out that it hurt and that something was going to break. Defendants kept him subdued, even after Defendant Martinez told him to "shut the fuck up."

Plaintiff contends that by this time, all of the C-8 staff had kicked, pushed or punched him while Defendants Garza, Gant and Corwin watched. As Plaintiff got up after a spit mask was placed over his face, he noticed Defendant Copeland sitting in a chair in the yard, and Defendant Martinez standing there. Plaintiff asked Defendant Martinez what was going on, and he said, "shut the fuck up." Defendant Custer and another correctional officer placed Plaintiff back into the holding cage. Plaintiff asked Defendant Gant for some medical help, but she said, "shut the fuck up, you piece of shit."

After about an hour and a half, Defendants Rodriguez and Chi showed up and wanted to talk to Plaintiff. Even after Plaintiff told them a number of times that he did not want to talk about what happened, he told them what happened. Defendants Rodriguez and Chi told Plaintiff that the building correctional officers have been threatening and assaulting inmates, and that they are trying to change the system. Defendants Rodriguez and Chi then wrote a false report indicating that Plaintiff was physically and mentally okay.

Four hours after the incident, Plaintiff was still in the holding cage. He was approached by Defendants Alafa, Nino and Huckleberry and told that they needed to take a picture and find out what happened. Defendant Alafa told Plaintiff that the C-8 building cops were telling him lies and he wanted the truth. Plaintiff told him that he did not know what happened, but that he just got

3

beat up because he would not move into another cell.  Plaintiff said he was not a bad guy, just a grumpy old man.

The IGI and ISU correctional officers changed Plaintiff's story and misplaced his property.

**C.     DISCUSSION**

　　1.    Linkage

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

Here, Plaintiff names approximately twenty-five Defendants, but he includes only thirteen in his factual allegations.  He therefore fails to link the remaining twelve Defendants to any alleged constitutional violation, and he fails to state a claim against them.  To the extent that Plaintiff cites groups of officers, i.e., "the IGI and ISU correctional officers" or "all C-8 staff," this is insufficient to link any individual Defendant to specific acts.

Insofar as Plaintiff names supervisory personnel such as Defendant Biter, he is advised that there is no respondeat superior liability under section 1983.  Rather, Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights.  Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

Plaintiff also alleges that Defendants Alafa, Nino and Huckleberry came to take pictures of him and find out what happened.  He does not allege that they took any action, however, that would suggest a constitutional violation.  Plaintiff states vaguely that the IGI and ISU correctional officers changed his story and misplaced his property, but it is unclear whether these officers are Defendants Alafa, Nino and Huckleberry.

2. <u>Eighth Amendment- Excessive Force</u>

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. <u>Hudson v. McMillian</u>, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing <u>Hudson</u>, 503 U.S. at 7) (internal quotation marks omitted); <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, <u>Hudson</u>, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, <u>Wilkins</u>, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing <u>Hudson</u>, 503 U.S. at 9-10) (quotation marks omitted); <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002).

Here, Plaintiff alleges that Defendant Sanchez grabbed him by the head and slammed his head and face into the back of the cage. He also alleges that Defendants Sanchez and Custer grabbed him and slammed him down on the concrete floor, and kept him in a hold despite his screams. Construed liberally, these allegations state an Eighth Amendment claim against Defendants Sanchez and Custer.

As to Defendants Copeland and Ormone, Plaintiff states that they tried to grab him but slipped and fell to the floor. This does not support a finding that they used excessive force against him and he fails to state a claim against Defendants Copeland and Ormone.

Plaintiff further alleges that Defendant Martinez told him to "shut the fuck up" twice, but this does not rise to the level of an Eighth Amendment violation. Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987). He therefore fails to state a claim against Defendant Martinez.

///

### 3. Failure to Protect

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff contends that all of the C-8 staff had kicked, pushed or punched him while Defendants Garza, Gant and Corwin watched. Construed liberally, the Court finds that this states and Eighth Amendment claim against Defendants Garza, Gant and Corwin.

### 4. Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

///

6

Plaintiff first alleges that he asked Defendant Gant for medical help, but Defendant Gant told him to "shut the fuck up." While this may ultimately state a claim for denial of medical care, Plaintiff does not allege sufficient facts to demonstrate that he had a serious medical need, and that Defendant Gant was deliberately indifferent to that need.

Plaintiff also alleges that Defendants Rodriguez and Chi, both doctors, came to ask him what happened. He states that they wrote a false report indicating that Plaintiff was physically and mentally okay. Again, these allegations are too vague to state a claim. Although Plaintiff states that it was "false" that he was mentally and physically okay, he does not provide sufficient facts to demonstrate that he had a serious medical need, and that Defendants Rodriguez and Chi were deliberately indifferent to that need.

## D.    CONCLUSION AND ORDER

Plaintiff's complaint states an Eighth Amendment excessive force claim against Defendants Sanchez and Custer, and an Eighth Amendment failure to protect claim against Defendants Gant, Garza and Corwin. It does not state any other claims against any other Defendants.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

However, if Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on his cognizable Eighth Amendment excessive force claim against Defendants Sanchez and Custer, and his Eighth Amendment failure to protect claim against Defendants Gant, Garza and Corwin, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The Court will then provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated on

///

7

Defendants Sanchez, Custer, Garza, Gant and Corwin, and the remaining claims and Defendants will be dismissed.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only against Defendants Sanchez, Custer, Garza, Gant and Corwin on his cognizable Eighth Amendment claims; and

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: **February 26, 2016**              /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE