# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STRINGFELLOW, | Case No. 1:15-cv-01815 DLB |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| BITER, et al., | |
| Defendants. | |

Plaintiff Robert Stringfellow ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 4, 2015.[1]

On February 29, 2016, the Court screened his complaint and ordered him to either file an amended complaint, or notify the Court of his willingness to proceed only on the cognizable claims.

After thirty (30) days passed without a response, the Court issued an order to show cause on April 15, 2016. Plaintiff was ordered to file a response, or comply with the February 29, 2016, order, within thirty (30) days.

Over thirty (30) days have passed and Plaintiff has failed to follow the Court's order or otherwise communicate with the Court.

///

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 18, 2016.

## DISCUSSION

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

In this case, two factors weigh against dismissal while three factors weigh in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). There is no discernible prejudice to the defendants at this early stage in the proceedings, and public policy always favors disposition on the merits. *In re PPA*, 460 F.3d at 1227-28; *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002); *Yourish*, 191 F.3d at 991-92. On the other hand, the public's interest in expeditious resolution of litigation always favors dismissal. This case has been pending since December 4, 2015, and there is no operative complaint on file. The Court's ability to manage its docket and guide cases toward resolution is significantly compromised by noncompliance with orders. Finally, there are no alternative sanctions which are satisfactory given that Plaintiff is proceeding in forma pauperis and this action cannot proceed any further absent his compliance with the order. *In re PPA*, 460 F.3d at 1227-29; *Pagtalunan*, 291 F.3d at 642-43; *Yourish*, 191 F.3d at 990-92.

Plaintiff was also warned that noncompliance would result in dismissal of this action.

///
///
///
///

2

**ORDER**

Accordingly, this action is HEREBY ORDERED DISMISSED, without prejudice, for failure to obey the Court's orders and failure to prosecute.

IT IS SO ORDERED.

Dated: **May 31, 2016**                    /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE